UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY BOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 19-cv-1039-JBM |
| | ) | |
| MICHAEL P. MELVIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AMENDED COMPLAINT

Plaintiff, currently at the Menard Correctional Center ("Menard"), proceeds *pro se* in a

§ 1983 action alleging the unconstitutional use of force at the Pontiac Correctional Center

("Pontiac").  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In

reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing

them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However,

conclusory statements and labels are insufficient.  Enough facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th

Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not

require "detailed factual allegations", it requires "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011)

quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On February 21, 2018, Plaintiff was housed on the Administrative Detention Unit of the

Pontiac North Cell House.  Plaintiff alleges that two other inmates had not been provided

medical care, triggering a "dangerous disturbance" in which a fire was started, a staff member

was injured, and property was damaged.  In response, a tactical team was deployed to Plaintiff

cell.  Plaintiff had alleged in his original complaint that Defendant Allen, the head of the tactical

1

team had used an unreasonable amount of pepper spray on him. He does not reallege that here, requesting that the Court incorporate his prior claims against Defendant Allen into the amended complaint. This the Court will not do. In its merit review order the Court clearly instructed Plaintiff that if he filed an amended complaint, it was "to include all of Plaintiff's claims against all Defendants without reference to a prior pleading." [ECF 7 p. 6].

Plaintiff alleges that tactical team member Doe #1 entered Plaintiff cell, cuffed him, took him outside and handcuffed to a fence. Plaintiff claims that he was confined there in the freezing cold for three hours wearing only a thin T-shirt and pants. Doe Defendant #1, then returned Plaintiff to the building, placing him in a holding cell. Plaintiff was ordered to remove his clothing and was strip searched. He claims that the search caused the pepper spray to migrate to his genitals, anus and other areas, causing him to feel as though his body were on fire.

Plaintiff was taken to the nurse's station and asked whether he was injured. Plaintiff denied injury but claimed that he was unable to see due to pepper spray in his eyes. The nurse rinsed Plaintiff's eyes, providing only minimal relief. Plaintiff complained to Doe #1, asking for the opportunity to wash off the pepper spray. Plaintiff claims that the officer ignored the request.

Doe 1 thereafter escorted Plaintiff to the Chow Hall. While there, Plaintiff asked Doe #2 to allow him to use the restroom. When the request was refused, Plaintiff urinated on himself. He claims that other inmates also began urinating on the floor as they had been in the Chow Hall "so long," without using the bathroom. Plaintiff does not reveal, however, how long the inmates had been held in the Chow Hall. The Court questions this claim, as it had indicated in the prior merit review order that the inmates' urinating on the floor appeared to be more in the form of a protest. This claim will be allowed to proceed, however, pending a more fully developed record.

Plaintiff was thereafter taken from the Chow Hall and placed in a segregation cell. Plaintiff is unsure as to the identity of the individual who placed him there, stating that it might have been Doe #1. Plaintiff claims that the segregation cell had water on the floor due to a leaking toilet. He claims, without further explanation, that he was unable to wash off the pepper spray. Plaintiff makes the additional claim that his cell was cold as due to an open window. When he asked an unidentified individual to close the window, the request was ignored. At 1:30 p.m., three Tact Team Officers approached Plaintiff's cell, told him to change into a segregation jumpsuit and took him to a waiting van where he was transported to Menard. Plaintiff claims that he was not able to wash off the pepper spray until after his arrival at Menard.

Plaintiff sufficiently alleges a deliberate indifference claim against Doe #1 who cuffed him outside, in the cold for three hours. He also states a deliberate indifference claim against Doe #2 who allegedly refused to allow him to use the restroom. He fails, however, to state a confinement claim regarding the segregation cell as it appears that he was only in the cell for a few hours. *See Dixon v. Godinez,* 114 F.3d 640, 644 (7th Cir. 1997) (court to examine not just the severity, but the duration of the complained-of conditions).

**IT IS THEREFORE ORDERED:**

1.      This case shall proceed solely on the deliberate indifference claims against Doe Defendants #1 and #2 who are to be identified in the caption in place of "John Does." Defendant Allen is DISMISSED for Plaintiff's failure to plead against him. Plaintiff is placed on notice that it will be his responsibility to identify the two Doe Defendants as Doe Defendants cannot be served. If Plaintiff is unable to do so, he is to inform the Court within 14 days and is to provide a physical description of Does #1 and #2. In such a case, the Court will consider reinstating Warden Melvin for the sole purpose of aiding in the identification. *See Wetzel v. Sheahan*, 2000

WL 222557 * 4 (7th Cir. Feb. 22, 2000).  Any claims not identified will not be included in the

case, except in the Court's discretion upon motion by a party for good cause shown, or by leave

of court pursuant to Federal Rule of Civil Procedure 15.

      2.      Plaintiff's [16] Motion for Status is rendered MOOT by this order.


 10/17/2019                                s/ Joe Billy McDade
ENTERED                                     JOE BILLY McDADE
                                         UNITED STATES DISTRICT JUDGE